The Chief Justice
delivered the opinion of the court.
This is an appeal taken by the plaintiff from a judgment rendered in favor of the defendants in an action of ejectment. The lessors of the plaintiff claim title to the land in controversy under patents granted by the commonwealth to John May, who died in 1790 or 1791, and they derive their right through conveyances made by John L. May and Daniel Eppes, and Polly his wife, the only children and heirs of John May, as well as of Ann May his wife, who afterwards intermarried with Thomas Lewis, but died without issue by her second marriage some years before the commencement of this suit and prior to the conveyances made by John L. May and Daniel Eppes and Polly his wife.
The main question in the cause is, whether John L. May and Daniel Eppes and Polly his wife, were entitled to the land in controversy or not, when they made the conveyances through which the lessors of the plaintiff derive their claim. The solution of this question depends essentially upon the construction of John May’s will. The clauses of the will which have a material bearing upon this point, are the following, viz: “I give and devise my land to my executors, herein after named, and to the survivors and sur- . ‘‘vivor of such of them as may act, and their heirs forever, “for the purpose of selling as much thereof as will pay all “my debts of every description.” And after giving various powers and directions to his executors, and disposing of the remainder of his estate, he says — “I do give to the survl-“vor and survivors of my executors, or such of them as “as shall act, all the powers and authorities hereby intended to be given them jointly, in case they should all act» “and do empower the survivor or survivors to act accord *215 “ingly;” and then appointed Win. May, George May, Harry Innis and his wife Ann May, his executors and execu-irix.
A devise®f i0 ex‘SJ inem oj passes an in*f !ri ^auth '1 iti/\o the executors orto such as qua!vise'that* the ex’órs shall “sell lands meat*16 debts” is a naked autho-"|⅞ with01*" írten-st *
*215 William May and Harry Innis were proven to be alive at the commencement of this suit, but none of his executors appeared ever to have qualified or acted as such except Ann May, who after her intermarriage with Thomas Lewis, took upon herself the execution of the will in the county court cf Chesterfield, in Virginia, at the July term in 1797, the frill having been there previously proven and recorded.
Now it is contended for the defendants, that by the will of John May an immediate estate for life in all his lands, was vested in his executors, with a contingent remainder in fee to the survivor of them, subject to the trust in the will mentioned; and hence it is inferred, that as Harry In-Vis and Wm. May were still living at the commencement of this suit, the right to the land in controversy remained in them, and consequently could not have descended to John L; May and Polly Eppes, either as the heirs of their father or of their mother. But on the other hand it is urged by the lessors of the plaintiff, 1st; That there was conferred by the will upon the executors, only a naked authority to sell; in which case, as the estate in the land was not otherwise disposed of, it must have descended in the mean time to John L. May and Polly Eppes, as the heirs of the testator, until a sale was made by the executor, which has never been done. Or 2dly. If the authority to sell was coupled with an interest, that interest was contingent, and vested only in such of the executors as should act, and only in the event of their acting as executors; in which case the freehold and inheritance not being otherwise disposed of, must in like manner have descended upon John L. May and Polly Eppes, heirs of their father, until some one or more of the executors should qualify or act, and as none of them ever did qualify but their mother, the title of the land could have passed to her only, and on her death must again have descended to them as her heirs. It is therefore inferred that the title must have been in them at the time they made the conveyances, through which the lessors of the plaintiff derive their right.
We have no doubt that the will of John May conferred upon his executors an interest in his lands, as well as an thority to sell. A devise that executors shall sell, confers a mere naked authority^ but a devise of land to the execu *216 tors to be sold, passes the estate to them, and the'prfe'sétft' case comes literally within the latter description of devise, Whether the estate intended to be conferred upon his executors was a vested or contingent one, is a question of m0! e doubt. The language of the will is not in this resPect as explicit as it might have been. We are inclined to think, however, that the devise to the executors must be construed to be a contingent or executory devise, and that ^ie cstale vested in only such of them as should act as executors, and not until they should so act; It is clear that the executors were not in that character entitled, under the any beneficial interest, and that they could only take as trustees. The only motive, therefore, which the testator could have had in confering an interest upon bis ex-ecu*-ors> must have been to enable them to execute the P°'-Vers confided to them with more facility and efficacy. But so far from attaining this purpose by a devise of an immediate vested interest to the executors who should not act, as weU as 1° those who should, the testator would have thereby defeated liis object. For it is manifest, not only from the terms of the devise to the executors, but more es-Pec*a% ^'ora the last clause before recited from the will, ^lat intended that such of the executors as should take upon themselves the execution of the will, should have the same power and authority as the whole of them would have jointly had, if they had taken upon themselves its execution; and if in the latter case it were necessary for the attainment of the testator’s purpose, that the estate should be vested in the whole of them: so in the former case it must have been equally necessary that the estate should be vested in such of them as should take upon themselves the execution of the will. We cannot therefore doubt that the purpose Or general intention of the testator would be better answered by conferring the estate upon such of the executors as should act, and when they should act as executors, thereby conferring an immediate interest upon the whole of them, and we are inclined to think that the devise to the executors, though somewhat awkwardly as well as ambiguously expressed, is susceptible of a construction conformable to this general purpose of the testator. Any other construction would be rendering the clause of the devise to the ex-cxcutors, which gives the land to such of them as should act, nugatory and unmeaning; for in such case the devise would have precisely the same effect without that clause as it *217 would have with it, and it is a rule of construction in re-Iation to wills as well as to all other instruments, that they should be so expounded as to give to every clause and even to every word if possible, some effect. Besides, the language of the devise to the executors would be sufficiently explicit if we give to the copulative conjunction “and,” which connects the clause giving the land to the survivors, with the preceding clause, a disjunctive signification; and this has been often done for attaining what is otherwise the apparent intention of the testator. '
Such devise is con confersnoijf terest on the executor uu: heshand'un til then the fee descends to the heir.
It is a rula all^slru-ments, that each clause ;f"pos^ sibic’haveef-feet
„ TV<le anteJ jefferies.
B. Hardin for appellants, M. Hardin, Bibb and Littell for appellees.
Supposine; then the true construction of the will to be, that the devise to the executors was a contingent or execu-tory one, and that the estate vested in such of them only as should act, and not until they did act, it is clear, according to the settled doctrine of the law, that the freehold and inheritance not being otherwise disposed of, must have descended to John L. May and Polly Eppes, as the heirs of the testator, until some one or more of the executors should act. Whether their mother taking upon herself the execution of the will ih the state of Virginia, was such an acting under the will as would pass the estate to her or not, is not material to be decided. For if the freehold and inheritance did not thereby pass to her, then, as no other executor appears to have acted, the title must remain in John L. May and Polly Eppes, as the heirs of their father; and if the freehold and inheritance did pass to her, then on her death the title must have descended to them as her heirs. So that, be that point as it may, the title must have been in them at the time the conveyances were made through which the lessors of the plaintiff derive their right, and the circuit court erred in deciding otherwise.
The judgment reversed with cost, and the cause remanded for a new trial, to be had not inconsistent with the foregoing opinion.